UNITED STATES of America, Appellee,

v.

Ignacio PEREZ, Appellant.

UNITED STATES of America, Appellee,

v.

Luis QUINTERO, Appellant.

Nos. 82–1196, 82–1197.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1982.

Decided Aug. 11, 1983.

Rehearing and Rehearing En Banc Denied Sept. 16, 1983.

---

Martin, Bahn & Cervantes, James M. Martin, John Malec, St. Louis, Mo., for appellants.

Thomas E. Dittmeier, U.S. Atty., James E. Crowe, Jr., Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and HARRIS,* Senior District Judge.

BRIGHT, Circuit Judge.

Ignacio Perez and Luis Quintero appeal their convictions in federal court for drug-related offenses. Following a remand to the district court for additional fact-finding, *United States v. Perez,* 700 F.2d 1232 (8th Cir.1983), we now conclude that the district court did not err in denying Perez and Quintero's motions to suppress. Accordingly, we affirm the convictions of Perez for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for two counts of illegal distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). We also affirm the convictions of Quintero for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and illegal distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).[1]

I. *Background.*

The jury convictions were based on evidence that Perez and Quintero had attempted to suppress on fourth amendment grounds. After a lengthy pretrial hearing, the district court denied Perez and Quintero's motions to suppress, but did so summarily, without formal findings of fact and conclusions of law. After the district court entered judgments of conviction against Perez and Quintero, they appealed to this court.

On appeal, Perez and Quintero raised, *inter alia,* the fourth amendment issue they asserted in the district court. Perez and Quintero argued that police agents violated their fourth amendment rights by entering Perez' house without a search warrant, and securing that house for thirteen and one-half hours until police obtained a search warrant and finally searched the house. The Government contended, however, that exigent circumstances justified the warrantless entry into the Perez home, and alternatively, even if exigent circumstances did not exist, there existed an independent basis for the issuance of the search warrant, and, therefore, the district court did not err in denying Perez and Quintero's motions to suppress.

We found that no exigent circumstances existed to justify the warrantless entry into

---

* OREN HARRIS, United States Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. In *United States v. Perez, supra,* 700 F.2d at 1238–39, we reversed Quintero's conviction under the Travel Act, 18 U.S.C. § 1952(a)(3).

the Perez home. However, because the district court made no findings of fact or conclusions of law on the motions to suppress, we were unable to determine from the record whether police used information gathered during the initial illegal entry into the Perez home to procure the search warrant. We, therefore, remanded the case to the district court to determine whether the search warrant and the seizure of evidence, pursuant to that warrant, was tainted by the initial unlawful entry into the Perez home.

On remand, the district court conducted a second suppression hearing. Based on the transcript of the initial suppression hearing, the second suppression hearing, and the post-thearing legal memoranda submitted by the parties, the district court denied Perez and Quintero's motions to suppress.

The district court found that: (1) no knowledge gained by the initial entry into the Perez house was used in the application for the search warrant; (2) the initial unlawful entry into the Perez home did not, therefore, taint evidence later seized pursuant to the search warrant; (3) the information contained in the affidavit in support of the application for the search warrant was derived from the investigation leading up to the arrest of Perez and Quintero and the postarrest statements of another defendant, Marshall Jainchill; and (4) the affidavit in support of the application for the search warrant contained sufficient reliable facts to find probable cause to issue a warrant to search the Perez home.

II. *Discussion.*

■ After a careful reexamination of the briefs and the record in this case in light of the district court's findings of fact and conclusions of law on remand, we conclude that the district court did not err in denying Perez and Quintero's motions to suppress. The district court's findings of fact cannot be characterized as clearly erroneous. Moreover, we agree with the district court's conclusions of law. Accordingly, we conclude that an independent basis existed for the issuance of the search warrant and affirm the district court on this issue. *See*

*United States v. Beck,* 662 F.2d 527, 530 (8th Cir.1981).

■ The district court found that certain items were in plain view in the Perez house during the initial illegal entry. These items included a white plastic mirror and tube on the living room table, a green plastic strainer on a shelf in the living room, a metal spoon and a clear plastic bag on a bedroom table, and a box of "Glad" plastic bags in the kitchen. We note that the Second Circuit has held, in a similar case, that plain view items seen after an initial unlawful entry into a house, but before a valid search warrant is procured, should be suppressed despite an independent basis for the search warrant. *United States v. Segura,* 663 F.2d 411 (2d Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1182, 75 L.Ed.2d 430 (1983). However, we conclude that the admission of those items in plain view during the initial unlawful entry into the Perez home would constitute harmless error beyond a reasonable doubt even if these items should have been suppressed. *Cf. United States v. Leichtling,* 684 F.2d 553, 557 (8th Cir.1982) (even if police improperly seized the evidence in question, the nature of the evidence was cumulative at best and its admission constituted harmless error beyond a reasonable doubt). We, therefore, do not reach the issue addressed by the Second Circuit.

■ Finally, we observe that police agents saw a white purse, a brown leather purse and a black leather suitcase during the initial illegal entry into the Perez home. The white purse contained $21,000 in currency and a clear glass tube. The brown leather purse contained Quintero's travel papers, plane tickets, boarding passes and passport. The black leather suitcase contained a triple beam scale, a green strainer and a green box with the notation "during preparation system." The district court found that the contents of the two purses and suitcase were not in plain view, and that the police did not search the purses or suitcase until after they obtained the search warrant. We, therefore, conclude that the district court did not err in refusing to

suppress these items. *Cf. United States v. Agapito,* 620 F.2d 324, 338 (2d Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 107, 66 L.Ed.2d 40 (1980) (where, although agents entered hotel room illegally, they did not open suitcase until after valid warrant had been obtained, cocaine contained in suitcase was admissible).

III. *Conclusion.*

Accordingly, we affirm the convictions of Perez for conspiracy to distribute cocaine and for two counts of illegally distributing cocaine. We also affirm the convictions of Quintero for one count of conspiracy to distribute cocaine and for one count of illegally distributing cocaine.